**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

MICHAEL SANTOS and AMY RAMOS,   :
    Plaintiffs,                                   :
                                         :
    v.                                                 :            No. 5:26-cv-00886
                                         :
MUTUAL BENEFIT GROUP                :
INSURANCE COMPANY, *et al.*,          :
    Defendants.                                  :

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                          **March 26, 2026**
**United States District Judge**

Plaintiff Michael Santos, a prisoner currently incarcerated at the Berks County Jail, filed this civil action on behalf of himself and his wife, Amy Ramos, against Mutual Benefit Group Insurance Company ("Mutual Benefit"),[1] based on allegations that Mutual Benefit failed to pay an insurance claim seeking payment for injuries sustained by Ramos and damage to her vehicle following a vehicular collision.  Since Santos and Ramos brought their case without paying the applicable court fees or moving to proceed *in forma pauperis*, the Court gave them an opportunity to do so within thirty (30) days in an order dated February 17, 2026.  *See* ECF No. 6. In the same order, the Court also gave Ramos an opportunity to sign the Complaint in accordance with Federal Rule of Civil Procedure 11, also within thirty (30) days, if she sought to remain a party to the case.  *See id.*  Santos responded to the Court's Order by filing a Motion to

---

[1]      The caption of the Complaint lists "Mutual Benefit Group Insurance Company," "Mutual Benefit Insurance Company," and "any other underwiting affiliated entity" as Defendants. Compl. at 1, ECF No. 2.  It is unclear if these are, in fact, distinct entities, since the Complaint discusses only one Defendant.

Proceed *In Forma Pauperis*, along with the proper paperwork, ECF Nos. 7 & 8, but Ramos has not responded or otherwise communicated with the Court.

Since Ramos has not taken any action on her own claims in response to the Court's Order, and since Santos may not pursue Ramos's claims for her, the Court dismisses Ramos as a party to this action. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (explaining that non-attorney litigants who are proceeding *pro se* may only represent their own interests and may not represent others in federal court, including family members). As to Santos, the Court grants him leave to proceed *in forma pauperis* and dismisses his claims for lack of subject matter jurisdiction with leave to amend.

## I.    FACTUAL ALLEGATIONS

Prior to his incarceration, Santos lived with Ramos, with whom he shares two children, for over ten years. Compl. at 1. In September 2023, Santos purchased an automobile insurance policy with Mutual Benefit "for full coverage" on Ramos's 2015 Mercedes Benz through September 2024. *Id.* at 1–2. Santos informed the insurance agent with whom he spoke that the vehicle was titled under Ramos's name and instructed the agent to add Ramos to the policy as an insured and covered driver, but the agent apparently failed to do so. *See id.* at 2. Santos and Ramos regularly paid premiums to Mutual Benefit in accordance with the policy. *See id.*

On July 24, 2024, Ramos was in a collision with another vehicle while driving the 2015 Mercedes Benz. *See id.* Ramos was injured and the Mercedes Benz was towed to the Mendoza Auto Center. *See id.* Mutual Benefit "accepted liability coverage and paid the third party property damage claim." *Id.* Mutual Benefit also sent an adjuster to assess the damage to the Mercedes Benz, which was determined to be a "total loss." *Id.* However, Mutual Benefit refused to pay Santos's claims for damages to the vehicle or for Ramos's injuries on the basis

that "Amy Ramos was not listed on the policy" and the car was registered in her name.  *Id.* at 2–3.  Santos alleges that the failure to list Ramos was due to the Mutual Benefit agent's error, noting that Mutual Benefit was "[f]ully aware that the vehicle was registered to Amy Ramos and listed on the policy" and continued to accept payments for premiums.  *Id.*

Santos alleges that, rather than pay his claims, Mutual Benefit "attempted to retroactively void coverage by offering a premium refund of $2500 which [Santos and Ramos] rejected and never cashed."  *Id.* at 3 (capitalization omitted).  Mutual Benefit also sent emails "confirming they would take no further action" and have failed to return Santos and Ramos's calls.  *Id.*  In the meantime, the car is still at the Mendoza Auto Center, where it is accumulating debt.  *See id.* at 2.  Santos claims to have suffered additional financial damages, as well as emotional distress.  *See id.* at 3.  He brings claims under Pennsylvania law for breach of contract, bad faith, negligence, negligent misrepresentation/fraud, unfair insurance practices, and estoppel/unjust enrichment, and seeks damages in excess of $250,000.  *See id.* at 4–5.

## II.    STANDARD OF REVIEW

The Court grants Santos leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant.  Furthermore, the Court must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  A plaintiff commencing an action in federal court bears the

---

[2]    However, since Santos is incarcerated, he must pay the filing fee in installments in accordance with the Prison Litigation Reform Act.

burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). "Jurisdictional [issues] . . . 'may be raised at any time' and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). As Santos is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

## III.   DISCUSSION

The Complaint asserts claims under Pennsylvania law based on Mutual Benefit's failure to pay insurance claims that Santos alleges were covered by the policy for which he paid premiums. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). For diversity purposes, an individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another

LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotation marks and citation omitted).  At the pleading stage, a plaintiff need not affirmatively allege the citizenship of a LLC if he alleges, "after a reasonable attempt to determine the identities of the members of the [LLC]," that the members of the LLC are not citizens of his state of citizenship.  *See Lincoln Benefit Life Co.*, 800 F.3d at 102.

The Complaint does not adequately allege a basis for this Court's jurisdiction over Santos's claims because it does not allege the citizenship of the parties.  The Complaint implies that Santos is a Pennsylvania citizen, but does not say so directly.  *See* Compl. at 1.  The Complaint also does not adequately allege Mutual Benefit's state or states of citizenship.  It is not clear what type of company Mutual Benefit is, so it is not clear what the rules are for determining its citizenship, and accordingly, what its citizenship is for purposes of the diversity jurisdiction analysis.  Further, if Santos has, in fact, sued more than one entity, *see*, *supra*, n.1, he must allege the citizenship of each of those entities properly.  Because the Complaint is silent on these points, Santos has not met his burden of alleging a basis for the exercise of diversity jurisdiction over his insurance dispute.

## IV.   CONCLUSION

As Santos has not alleged a basis for this Court to exercise diversity jurisdiction, the Court dismisses his claims.  The dismissal is without prejudice for Santos to file an amended complaint in the event he can allege a basis for subject matter jurisdiction over his state claims

or, alternatively, file a complaint in the proper state court so he may proceed on his claims in that

venue.[3]

An appropriate Order follows, which provides further instructions.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge

---

[3] The Court expresses no opinion at this time on the merits of Santos's state claims. This Court also expresses no opinion on the statute of limitations, but advises Santos that he may be able to transfer the action to state court to preserve the initial filing date. *See* 42 Pa. Cons. Stat. Ann. § 5103(b)(1) ("Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).").